**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JAIME CASTILLO** | § | |
| | § | |
| **VS.** | § | **CAUSE NO. 4:17-cv-03249** |
| | § | |
| **CRESCO LINES, INC.** | § | |
| **AND MICHAEL J. CLENDENNY** | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant, **CRESCO LINES, INC** and in accordance with 28 U.S.C. §§ 1332, 1441 and 1446 *et seq.*, files this Notice of Removal of the above styled case from the 127th Judicial District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, based on diversity of citizenship of the parties. Pursuant to the applicable federal statutes and the local rules for the Southern District of Texas, Defendant attaches the following documents in support of this Notice of Removal:

1. Attachment A: Plaintiff's Original Petition to Cresco Lines, Inc;

2. Attachment B: Defendants, Cresco Lines, Inc and Michael J. Clendenny's Original Answer;

3. Attachment C: Affidavit from agent for Service of Process, dated October 11, 2017;

In filing this Notice of Removal, Defendant expressly reserves all other questions other than that of removal, for the purpose of further pleadings.

## I.

### Parties

The Plaintiff, **JAIME CASTILLO**, is a resident of Texas.  ( ¶ 2.1 Plaintiff's Original Petition).   **CRESCO LINES** is a Illinois corporation. (¶ 2.3 Plaintiff's Original Petition). Defendant, **MICHAEL J. CLENDENNY** is a resident of Illinois. (¶ 2.2 Plaintiff's Original Petition).

## II.

### Diversity of Citizenship

**CRESCO LINES** asserts that this court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332.

A.  Factual Background:

The lawsuit arises from a collision which allegedly occurred on January 11, 2016 on North Freeway near Airline Drive in Houston, Texas. (Ex. A, Plaintiff's Petition, ¶ V).  Plaintiff, **JAIME CASTILLO,** claims that **MICHAEL J. CLENDENNY** was acting in the course and scope of his employment with Defendant **CRESCO LINES, INC**. (Ex. A, Plaintiff's Petition, ¶ V and ¶ 5.1 ).  Plaintiff, **JAIME CASTILLO,** claims to have sustained personal injuries which have resulted in medical expenses in the past and future, physical pain, mental anguish, impairment, disfigurement and lost wages. (Ex. A, Plaintiff's Petition, ¶ 8.2 and 8.3). Plaintiff is claiming he will be seeking damages in excess of $200,000. (Ex. A, Plaintiff's Petition, ¶ I).

B.  Analysis

Defendants must show the amount in controversy exceeds the minimum jurisdictional limit of this court by a preponderance of the evidence.  The Defendant is permitted to meet this

burden through evidence attached to the notice of removal or through the face of the Plaintiff's petition. Garcia v. Koch Oil Co. of Texas, Inc, 351 F.3d 636, 639-640 (5th Cir. 2003). Here, Defendant can demonstrate through the face of the Plaintiff's petition that the amount in controversy is satisfied because the Plaintiff is seeking more than $200,000. In short, this court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332 (a).

## III.

### Miscellaneous Facts

Plaintiff's Original Petition styled, **JAIME CASTILLO VS. CRESCO LINES, INC AND MICHAEL J. CLENDENNY,** was filed on October 11, 2017. Service was not accomplished until October 11, 2017 (Attachment C Affidavit). Defendant, **MICHAEL J. CLENDENNY,** has answered through the undersigned counsel and consents to removal of this suit from the 127th Judicial District Court of Harris County to the United States District Court for the Southern District of Texas. Under 28 U.S.C. § 1446 (b), Defendant has thirty days from the date of service of the Plaintiff's Original Petition to file a Notice of Removal. Accordingly, pursuant to 28 U.S.C. § 1446 (b), this Notice of Removal is timely.

## IV.

The attorneys involved in this action are as follows:

1. Ryan Berchelmann,
   State Bar No. 24078225,
   12777 Jones Road, Suite 297
   Houston, Texas 77070,
   TPN: 281-664-6500,
   Email: ryan.berchelmann@attorneyguss.com
   Attorney for Plaintiff

2. Warren T. McCollum,
   Fenley & Bate, L.L.P.,
   State Bar No. 24013127,
   P.O. Box 450,
   Lufkin, Texas, 75902-0450,
   TPN: 936-634-3346,
   FAX: 936-639-5874,
   Email: wmccollum@fenley-bate.com

   **Attorney for Defendants**
   **CRESCO LINES, INC AND MICHAEL J. CLENDENNY**

WHEREFORE PREMISES CONSIDERED, Defendant, **CRESCO LINES, INC.** prays

that the United States District for the Southern District of Texas, Houston Division, accept this

Notice of Removal and assume jurisdiction of this matter and issue any orders and process as

necessary to bring Plaintiff, **JAIME CASTILLO** and Defendants, **CRESCO LINES, INC.**

**AND MICHAEL J. CLENDENNY,** before it and to effectively prevent further proceeding of

this case in the 127th Judicial District Court, Harris County, Texas.

Respectfully submitted,

WARREN T. MCCOLLUM
SBN:  24013127
FENLEY & BATE, L.L.P.
P.O. Box 450
Lufkin, Texas 75902-0450
TPN:  (936) 634-3346
FXN:  (936) 639-5874
ATTORNEY FOR DEFENDANTS
**CRESCO LINES, INC AND**
**MICHAEL J. CLENDENNY**

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record in the above-numbered and styled cause, do hereby certify that on the 25th day of October, 2017, served a true and correct copy of the foregoing to:

Mr. Ryan Berchelmann
Attorney at Law
12777 Jones Road, Suite 297
Houston, Texas 77070
FXN: (281) 664-6501
ryan.berchelmann@attorneyguss.com

☐ By certified mail
☐ By regular mail
☐ By overnight mail
☒ By ECM
☐ By Facsimile
☐ By Hand Delivery

_WTM_

_____
WARREN T. MCCOLLUM

# ATTACHMENT A

10/2/2017 3:29 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19900414
By: Lewis John-Miller
Filed: 10/2/2017 3:29 PM

# 2017-65236 / Court: 127
## CAUSE NO. _____

| | | |
|---|---|---|
| JAIME CASTILLO | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MICHAEL J. CLENDENNY AND | § | |
| CRESCO LINES, INC. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Jaime Castillo ("Plaintiff"), and files this Original Petition complaining of and against Michael J. Clendenny and Cresco Lines, Inc. All Defendants will hereinafter be known cumulatively as "Defendants." Plaintiff would respectfully show the Court as follows:

### I. DISCOVERY LEVEL

1.1    Plaintiff seeks monetary relief over $200,000.00 but no more than $1,000,000.00, and a demand for judgment for all the other relief to which Plaintiff deems himself entitled.

1.2    Plaintiff intends to conduct discovery in this matter under Level 2 of Texas Rule of Civil Procedure 190.3.

### II. PARTIES

2.1    Plaintiff is a resident of Harris County, Texas.

2.2    Defendant Michael Clendenny is a resident of the State of Illinois. His address is: 348 Sandpiper Lane, Grafton, Illinois 62037. Pursuant to Tex. Civ. Prac. & Rem. Code § 17.062(a), because this Defendant is a nonresident of Texas who was involved in an accident that occurred while operating a motor vehicle on a public highway or street in Texas, the Chairman of the Texas Transportation Commission is his agent for service of process. This Defendant may

be served with process by an authorized process server serving two copies of the petition and two copies of the citation on the Chairman of the Texas Transportation Commission, to wit: <u>Tyron D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483</u>. The issuance of citation and service on this Defendant is hereby requested.

2.3    Defendant, Cresco Lines, Inc. is a foreign for-profit corporation, based in Illinois, and lawfully doing business in Texas. Cresco Lines, Inc.'s address is <u>15220 S. Halstead Street, Harvey, Illinois 60426</u>. Upon information and belief, Cresco Lines, Inc. has failed to appoint a Registered Agent in the State of Texas. Per Section 5.251 of the Texas Business Organizations Code, the secretary of state is an agent of Cresco Lines, Inc. for service of process. This Defendant may be served pursuant to Section 5.252 of the Texas Business Organizations Code by serving on the secretary of state duplicate copies of the process along with the appropriate fee. Issuance of citation and service on this Defendant is hereby requested.

## III. PARTIES - ASSUMED NAMES

3.1    To the extent that any or all of the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff is suing any partnership, unincorporated association, private corporation, or individual whose name contains the words or who does business under or as "Cresco Lines." It is the intent of the Plaintiff to file this lawsuit against the owners, managers, and/or controllers of the entity acting as the employer of Defendant, Michael Clendenny and known as "Cresco Lines" and Plaintiff hereby demands that upon answering this suit, that the Defendants answer in their correct legal name and assumed name.

PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

## IV. JURISDICTION & VENUE

4.1     The Court has subject matter jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limit of the Court. Venue is proper in Harris County, Texas, as this is the county in which the cause of action occurred.

## V. FACTUAL BACKGROUND

5.1     The subject collision occurred on January 11, 2016 in Harris County, Texas. Defendant Michael Clendenny was operating a tractor trailer while in the course and scope of his employment with Cresco Lines, Inc.

5.2     Defendant Michael Clendenny was traveling southbound on the North Freeway near Airline Drive when he failed to control his speed and crashed into the back of a Ford F-150 occupied by Plaintiff. The force of the collision propelled Plaintiff's vehicle into the back of a Toyota Sienna Van in front of Plaintiff.

5.3     Plaintiff suffered bodily injuries and damages as a result of this crash.

## VI. NEGLIGENCE OF MICHAEL CLENDENNY

6.1     As Michael Clendenny operated his vehicle at the time of the incident, he had a duty to exercise ordinary care in the operation of the same, to drive the vehicle in a reasonable and prudent manner, and to abide by the provisions of Chapters 544 and 545 of the Texas Transportation Code. Michael Clendenny was negligent in one or more of the following respects:

a.     In failing to control the speed of the vehicle he was driving to avoid a collision;
b.     In failing to keep a proper lookout;
c.     In failing to maintain a safe following space between his vehicle and the vehicle in front of him;
d.     In driving too fast for existing traffic conditions;
e.     In driving while distracted;
f.     In driving while fatigued;
g.     In failing to take proper evasive action to avoid a collision; and
h.     In operating the vehicle in a reckless manner.

PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

6.2     Michael Clendenny's negligence was a proximate cause of the collision, as well as the bodily-injury damages Plaintiff suffered as a result of his involvement in the collision.

## VII. NEGLIGENCE OF CRESCO LINES, INC.

7.1     At the time of the incident, Michael Clendenny was operating a vehicle in the course and scope of his employment with Cresco Lines, Inc.. Cresco Lines, Inc. is legally responsible to Plaintiff for the negligent conduct of Michael Clendenny under the legal doctrines of *respondeat superior*, agency, and/or ostensible agency because Michael Clendenny was at all times material hereto an agent, ostensible agent, servant, and/or employee of Cresco Lines, Inc., and was acting within the course and scope of such agency or employment. As a result thereof, Cresco Lines, Inc. is vicariously liable for all negligence of Michael Clendenny.

7.2     Cresco Lines, Inc. was also negligent in its hiring, training, supervision, monitoring, and retention of Michael Clendenny, and such negligence proximately caused the collision and Plaintiff's injuries and damages.

7.3     Plaintiff pleads the foregoing facts and theories cumulatively and alternatively, with no election or waiver of rights or remedies.

## VIII. DAMAGES

8.1     Because of the actions and conduct of Defendants set forth above, Plaintiff suffered bodily injuries and damages. By reason of those injuries and the damages flowing in law therefrom, this suit is maintained.

8.2     Because of the nature and severity of the injuries Plaintiff sustained, he has suffered physical pain, mental anguish, physical impairment, lost earning capacity, and in reasonable probability, will continue to suffer physical pain, mental anguish, physical

PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

impairment, and loss of earning capacity into the future.

8.3     The injuries sustained by Plaintiff have required medical treatment in the past and, in reasonable probability, will require other and additional medical treatment in the future. Charges incurred by Plaintiff for such medical treatment in the past and those which will in reasonable probability be incurred in the future have been and will be reasonable charges made necessary by the incident in question.

## IX. RESERVE THE RIGHT TO AMEND & SUPPLEMENT

9.1     These allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter.  As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from the case.  The right to do so is, under Texas law, expressly reserved.

## X. REQUEST FOR DISCLOSURE TO ALL DEFENDANTS

10.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all Defendants are requested to disclose within the time period set forth in Rule 194.3 the information or material described in Rule 194.2(a) 194.2(l).

## XI. PRE-JUDGMENT INTEREST

11.1    Plaintiff would additionally say and show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Plaintiff here and now sues for recovery of pre-judgment interest as provided by law and equity under the applicable provisions of the laws of the State of Texas.

PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

## XII. JURY DEMAND

12.1    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby demands a trial by jury and the appropriate fee is being tendered.

## XIII. PRAYER

13.1    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff recovers actual damages as specified above from Defendants, jointly and severally, plus costs of Court, pre-judgment and post-judgment interest at the legal rate, and have such other and further relief, general and special, at law and in equity, to which Plaintiff may be justly entitled under the facts and circumstances.

Respectfully submitted,

STEWART J. GUSS, ATTORNEY AT LAW

12777 Jones Road, Suite 297
Houston, Texas 77070
(281) 664-6500 Telephone
(281) 664-6501 Facsimile

*/s/ Ryan Berchelmann*
Ryan Berchelmann
State Bar No.: 24078225
ryan.berchelmann@attorneyguss.com

Jason J. Ruen
State Bar No.: 24072316
jason@attorneyguss.com

Jonathan D. Cavanagh
State Bar No.: 24082793
jonathan.cavanagh@attorneyguss.com

ATTORNEYS FOR PLAINTIFF

# ATTACHMENT B

10/25/2017 2:12 PM
Chris Daniel - District Clerk Harris County
Envelope No. 20301813
By: CAROL WILLIAMS
Filed: 10/25/2017 2:12 PM

## IN THE 127TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY
## STATE OF TEXAS

| | | |
|---|---|---|
| **JAIME CASTILLO** | § | |
| | § | |
| **VS.** | § | **CAUSE NO: 2017-65236** |
| | § | |
| **CRESCO LINES, INC** | § | |
| **AND MICHAEL CLENDENNY** | § | |

### DEFENDANTS' ORIGINAL ANSWER

COMES NOW, **CRESCO LINES, INC AND MICHAEL CLENDENNY**, Defendants in the above entitled and numbered cause and files this their Original Answer in response to the Plaintiff's Original Petition on file herein, in support thereof would respectfully show the Court as follows:

### I.

Defendants, **CRESCO LINES, INC AND MICHAEL CLENDENNY**, specially except to Paragraph 7.2 of the Plaintiff's Original Petition for the reason that it is vague and ambiguous and it fails to set forth the factual basis of the Plaintiff's claims that Defendant, **CRESCO LINES, INC** was negligent in hiring, training, supervising, monitoring and retaining **MICHAEL CLENDENNY**. Defendants request that the Court grant this special exception and order the Plaintiff to replead within a reasonable time and in conformity with the Court's ruling or that said pleading be stricken.

### II.

Defendants, **CRESCO LINES, INC AND MICHAEL CLENDENNY**, specially except to Section VIII of the Plaintiff's Original Petition for the reason that it is vague and ambiguous and fails to set forth the specific injuries that the Plaintiff allegedly suffered as a result of the incident at issue. Defendants request that the Court sustain this

1

special exception and order the Plaintiff to replead within a reasonable time and in conformity with the Court's ruling or that said pleading be stricken.

### III.

Defendants, **CRESCO LINES, INC AND MICHAEL CLENDENNY**, deny generally, each and every, all and singular, the allegations in Plaintiff's Original Petition and demand strict proof thereof by preponderance of the evidence in accordance with Rule 92 of the Texas Rules of Civil Procedure.

### IV.

Defendants, **CRESCO LINES, INC AND MICHAEL CLENDENNY**, individually and jointly, invoke and reserve all exemptions and defenses they are entitled under the provisions of the Texas Civil Practice and Remedies Code and/or otherwise provided by law, and reserve all of their rights, remedies and defenses. The principles of contributory negligence and/or comparative fault and causation and sudden emergency apply and are invoked by these Defendants.

### V.

Defendants, **CRESCO LINES, INC AND MICHAEL CLENDENNY**, would affirmatively plead, if such be necessary, that the limitations on recovery set forth in Section 41.0105 of Texas Civil Practice and Remedies which places limits on the recovery of medical and healthcare expenses to the amount actually paid or incurred by or on behalf of the Plaintiff are asserted by these Defendants.

### VI.

2

Defendants, **CRESCO LINES, INC AND MICHAEL CLENDENNY**, would affirmatively plead, if such be necessary, the limitations on recovery set forth in Texas Civil Practice and Remedies Code Section 18.091.

**VII.**

Defendants, **CRESCO LINES, INC AND MICHAEL CLENDENNY**, reserve the right to amend this answer at a later date to assert other and further defenses as are necessary and warranted.

WHEREFORE PREMISES CONSIDERED, Defendants, **CRESCO LINES, INC AND MICHAEL CLENDENNY** respectfully request that the Plaintiff, **JAIME CASTILLO** take nothing by reason of his suit and that the Defendants go forth and recover costs on their behalf expended and any further relief at law or equity to which Defendants have shown themselves justly entitled.

Respectfully submitted,

WARREN T. MCCOLLUM
SBN: 24013127
FENLEY & BATE, L.L.P.
P.O. Box 450
Lufkin, Texas 75902-0450
TPN: (936) 634-3346
FXN: (936) 639-5874

ATTORNEY FOR DEFENDANTS
**CRESCO LINES, INC AND MICHAEL CLENDENNY**

3

## CERTIFICATE OF SERVICE

This is to certify that I have on this the 25th day of October, 2017, served a true
and correct copy of the foregoing to:

Mr. Ryan Berchelmann                    ☐ By certified mail
Attorney at Law                         ☐ By regular mail
12777 Jones Road, Suite 297             ☐ By overnight mail
Houston , Texas 77070                   ☐ By hand delivery
FXN: 281-664-6501                       ☒ By Facsimile


*WTM*
_____
WARREN T. MCCOLLUM

4

# ATTACHMENT C

# 127th District Court of HARRIS County, Texas
201 CAROLINE, 10TH FL. HOUSTON TX 77002

## CASE #: 201765236

**JAIME CASTILLO**

*Plaintiff*
**VS**
**MICHAEL J. CLENDENNY AND CRESCO LINES, INC.**

*Defendant*

### AFFIDAVIT OF SERVICE

I, REGINALD EUGENE BENNETT, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents stated
below on 10/11/17 11:12 am, instructing for same to be delivered upon Cresco Lines, Inc.
By Delivering To The Secretary Of State.

| | |
|---|---|
| That I delivered to | : Cresco Lines, Inc. By Delivering To The Secretary Of State. By Delivering to Anita Moss, authorized to accept |
| the following | : CITATION; PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE; FIRST DISCOVERY REQUEST |
| at this address | : 1019 Brazos, Ste. 105 AUSTIN, Travis County, TX 78701 |
| Manner of Delivery | : By PERSONALLY delivering the document(s) to the person above. |
| Delivered on | : Wednesday OCT 11, 2017 1:29 pm |

My name is REGINALD EUGENE BENNETT, my date of birth is OCT 11th, 1959, and my
address is Professional Civil Process Downtown, 2211 S. IH 35, Suite 105, Austin TX
78741, and U.S.A.  I declare under penalty of perjury that the foregoing is true and
correct.

Executed in Travis County, State of Texas, on the ___11___ day of
___October___, 20_17_.

REGINALD EUGENE BENNETT          Declarant
2448

Texas Certification#: PSC-12661 Exp. 05/31/2020

PCP Inv#: Z17A00042
SO  Inv#: A17A00903

+ Service Fee: 130.00
Witness Fee:     .00
Mileage Fee:     .00

tomcat          AX02A17A00903

Berchelmann, Ryan Nicholas
**E-FILE RETURN**